DIAMOND JO LINE STEAMERS *et al.,* Appellants v. DAVEN-
PORT, ROCK ISLAND AND NORTHWESTERN RAILWAY
COMPANY *et al.*

**Condemnation Damages:** INSTRUCTIONS.   In condemnation proceedings, an instruction that the measure of damages was the difference between the value of the premises before and after the construction of the railroad, was not erroneous because too terse and brief, where the court also charged that the jury should consider the obstruction to the use of the property, and that, if the property was especially available, by

reason of its location, to the uses to which it was being and had been put, this fact should be considered.

Evidence: *Who may complain of non-responsive answer.* A party cannot complain of an irresponsive answer to a question not asked by him.

*Appeal from Scott District Court.*—Hon. Jas. W. Bollinger, Judge.

Friday, January 31, 1902.

An appeal from the award of damages in condemnation proceedings.—*Affirmed.*

*Henderson, Hurd, Lenehan & Kiesel* for appellants.

*Davison & Lane* for appellees.

Sherwin, J.—The court instructed that the measure of the damages the plaintiffs had sustained was the difference between the value of the premises before and after the construction of the defendants' railroad thereon. That the rule so given is correct is practically conceded by the appellants in argument, but they contend that the instruction which announced it was too terse and brief, and that one asked by them should have been given. In this we do not concur, for in its seventh instruction the court told the jury that it was authorized to consider the obstruction to the use of the property by the plaintiffs, and said: "If the property is especially available, by reason of its location, to the particular uses to which it is and has been put, this is proper to be considered in determining the valuation to be given it." The jury undoubtedly knew the uses to which the plaintiffs had put the property in the past and, was then putting it, and this instruction specifically called its attention to the special availability of the property for those purposes by reason of its location.

This was certainly sufficient, in the absence of any evidence tending to show its adaptability to other uses than those to which it was then put by the plaintiffs, and, we think, fully covered the plaintiffs' request. There is no evidence to support the instruction asked on the point that there was no other place along the river front at Davenport where the plaintiff could have unobstructed access to the river from its offices and warehouses. Instruction 4 claimed to have been asked by the plaintiffs is denied by the appellees, and we cannot consider it. The same situation exists as to the testimony relating to the condemnation of one of the plaintiffs' buildings by the city council. The testimony of the witness Bettendorf appears to have been material and competent. So far as we can determine from the brief record before us, it related to the question of the plaintiffs' damages by reason of the laying of the tracks in question, and we cannot say whether it was responsive to the question asked or not, for the question is not before us; but, even if it were, the plaintiffs cannot complain of an irresponsive answer to a question not asked by them. We find no prejudicial error in the record, and the judgment is AFFIRMED.